UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HAKEEM ABAYOMI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROBERT WILKIE, Secretary, United States ) <br> Department of Veterans Affairs, ) <br> ) <br> Defendant. ) | No. 17 C 5661 <br><br> Judge Kness |

## JOINT STATUS REPORT IN REASSIGNED CASE

**I.  Nature of the Case**

    **A.  Attorneys of record:**

For Plaintiff:

Paul W. Ryan (Lead Trial Attorney)
Law Offices of Eugene K. Hollander
230 West Monroe, Suite 1900
Chicago, IL 60606
(312) 425-9100
pryan@ekhlaw.com

For Defendant:

Kristen E. Rau (Lead Trial Attorney)
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
Phone: (312) 353-5351
Email:  kristen.rau@usdoj.gov

    **B.  Basis for federal jurisdiction:**  The court has jurisdiction under 42 U.S.C. § 2000e-5(f)(3) over plaintiff's employment discrimination and retaliation claims under Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e-16, *et seq.*

    **C.  Nature of claims and counterclaims:**  Plaintiff alleges one count of retaliation and one count of discrimination based on race.  There are no counterclaims by defendant at this time.  Defendant asserts affirmative defenses including failure to mitigate damages and that

the VA had legitimate, non-discriminatory, and non-retaliatory reasons for the actions alleged in the complaint.

    **D.**  **Relief sought by plaintiff:** Plaintiff is seeking lost wages, lost benefits, compensatory damages, attorneys' fees, and costs. Plaintiff also seeks reinstatement to his position at Hines VA with no loss of seniority. Plaintiff's claimed lost wages through 2019 are approximately $180,000. Plaintiff's claimed lost FERS and TSP benefits through 2019 are approximately $90,000. Plaintiff also claims a loss of approximately $30,000 in potential savings due to the denial of his application to refinance his mortgage after he was terminated. Plaintiff has not yet determined the amount he will seek at trial for emotional distress damages.

    **E.**  **Parties not yet served:** None.

**II.**  **Discovery and Pending Motions**

    **A.**  **Pending motions:** Defendant's motion for summary judgment was fully briefed by all parties as of October 28, 2019, and the parties await the court's ruling.

    B.  **MIDP:** This case is part of the MIDP.

    **C.**  **Discovery schedule:** Fact discovery is complete. Judge Wood previously ordered that plaintiff's expert disclosure(s) and report(s) shall be made 28 days after the court's ruling on defendant's motion for summary judgment. Dkt. 49.

    **D.**  **Discovery summary:** The parties exchanged written discovery responses and productions, including electronic discovery. Fact and expert discovery were bifurcated in response to plaintiff's request. The parties anticipate that the schedule entered by Judge Wood for plaintiff's expert disclosure(s) and report(s) remains appropriate.

    **E.**  **Substantive rulings:** None.

    **F.**  **Anticipated motions:** None.

**III.**  **Trial**

    **A.**  **Jury demand:** Plaintiff demands a jury trial.

    **B.**  **Trial date:** None to date. If the court denies defendant's motion for summary judgment, the parties will be ready for trial as early as January 2021.

    **C.**  **Final pretrial order:** The parties have not yet filed a final pretrial order, and there is no current deadline for such filing.

    **D.**  **Length of trial:** The parties expect that trial would require 5 to 7 business days.

  **IV.** **Settlement, Referrals, and Consent**

   **A.** **Status of settlement discussions:** The parties have exchanged written settlement discussions during this litigation.

   **B.** **Referral for settlement conference:** This case has not been referred to the Magistrate Judge for discovery supervision or a settlement conference.

   **C.** **Desire for settlement conference:** The parties do not request a settlement conference with the assigned Magistrate Judge at this time.

   **D.** **Informing clients:** Counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment. The parties do not unanimously consent to that procedure.

  **V.** **Other**

   A. Is there anything else that the plaintiff wants the Court to know? No.

   B. Is there anything else that the defendant wants the Court to know? No.

  **VI.** **Covid-19 Status Update**

   A. Pursuant to the court's April 24, 2020 General Order, in addition to the above information concerning the progress of discovery, the briefing status of pending motions, and settlement efforts, the parties advise the court that there is no need for a revised schedule through June 2, 2020; that there are no requested agreed orders; and that a telephonic hearing with the court is not necessary at this time.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: s/ Kristen E. Rau
    KRISTEN E. RAU
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-5351
    kristen.rau@usdoj.gov


Counsel for Plaintiff:

s/ Paul W. Ryan
PAUL W. RYAN
Law Offices of Eugene K. Hollander
230 West Monroe, Suite 1900
Chicago, IL 60606
(312) 425-9100
pryan@ekhlaw.com